NO. 07-06-0451-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 18, 2007
_____

LARRY DARNELL McKELLER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 108th DISTRICT COURT OF POTTER COUNTY;

NO. 52,950-E; HON. ABE LOPEZ, PRESIDING
_____

***ON ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant appeals from an order deferring his adjudication. The clerk's and reporter's records were due on December 18, 2006. The clerk filed an extension motion on January 11, 2007, stating that appellant had not paid or made arrangements to pay for the record and an attorney had not been appointed for the appeal. The reporter sent a letter to the court on January 3, 2007, stating she was not requested to prepare a record by anyone involved in this case. On January 3, 2007, a letter was sent to appellant's attorney asking for certification that he has complied with the Rules of Appellate Procedure

concerning the filing of the appellate record.  He filed a response on January 16, 2007, stating he has not yet been appointed on appeal.

Accordingly, we abate this appeal and remand the cause to the 108th District Court of Potter County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant desires to prosecute the appeal;

2.  whether appellant is indigent;

3.  whether appellant is entitled to a free appellate record due to his indigency; and

4.  whether appellant has counsel or is entitled to appointed counsel.

The trial court shall cause the hearing to be transcribed.  If it is determined that appellant desires to prosecute the appeal and is entitled to appointed counsel, then the trial court is further directed to appoint counsel for appellant.  So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues and disclosing the name, address, state bar number, and phone and fax number of any attorney appointed to represent appellant on appeal, 2) cause to be developed a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing, if any. Additionally, the district court shall then file the supplemental records and reporter's records transcribing the hearing with the clerk of this court on or before February 20, 2007.  Should further time be needed by the trial court to perform these tasks, then same must be requested before February 20, 2007.

It is so ordered.

Per Curiam

Do not publish.